UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY DANIELS,<br><br>        Plaintiff,<br><br>v.<br><br>HOFSTRA UNIVERSITY, HERMAN BERLINER, BENJAMIN RIFKIN, and JOHN and JANE DOES 1 – 5<br><br>        Defendants. | **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Case No.: 2:21-cv-02920 |

Defendants Hofstra University, Herman Berliner, and Benjamin Rifkin (each a "Defendant" and collectively, "Defendants"), by their attorneys, Orrick, Herrington & Sutcliffe LLP, respond to Plaintiff Timothy Daniels's ("Plaintiff") Complaint in the above-captioned matter as follows:

## RESPONSE TO COMPLAINT

### I. THE NATURE OF THIS ACTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4.

5. Defendants deny the allegations contained in Paragraph No. 5.

6.  Defendants deny the allegations contained in Paragraph No. 6.

7.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7, except admit that Plaintiff has been a professor at Hofstra University since 2005.

8.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8.

9.  Defendants deny the allegations contained in Paragraph No. 9.

10. Defendants deny the allegations contained in Paragraph No. 10, except admit that Plaintiff led a student research trip to Malaysia in June and July of 2019.

11. Defendants deny the allegations contained in Paragraph No. 11.

12. Defendants deny the allegations contained in Paragraph No. 12.

13. Defendants deny the allegations contained in Paragraph No. 13.

14. Defendants deny the allegations contained in Paragraph No. 14.

15. Defendants deny the allegations contained in Paragraph No. 15.

16. Defendants admit that Plaintiff has brought a complaint against Defendants under various federal and state statutes. The remainder of Paragraph No. 16 states a legal conclusion to which no response is required.

17. Defendants deny the allegations contained in Paragraph No. 17.

18. Paragraph No. 18 states a legal conclusion to which no response is required.

**II.  JURISDICTION AND VENUE**

19. Paragraph No. 19 states a legal conclusion to which no response is required.

20. Paragraph No. 20 states a legal conclusion to which no response is required.

21. Paragraph No. 21 states a legal conclusion to which no response is required.

### III. PROCEDURAL REQUIREMENTS

22. Defendants admit the allegations contained in Paragraph No. 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 23.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 24.

### IV. PARTIES

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 25.

26. Defendants deny the allegations contained in paragraph No. 26, except admit that Hofstra University has employed Plaintiff since 2005.

27. Defendants deny the allegations contained in Paragraph No. 27 except that Defendants aver that Plaintiff was granted tenure at Hofstra University, effective September 1, 2011.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 28.

29. Defendants admit the allegations contained in Paragraph No. 29.

30. Defendants admit the allegations contained in Paragraph No. 30.

31. Defendants deny the allegations contained in Paragraph No. 31, except aver that Defendant Berliner was interim Provost from approximately January 2019 until approximately August 2021.

32. Defendants admit the allegations contained in Paragraph No. 32.

33. Paragraph No. 33 states a legal conclusion to which no response is required.

34. Defendants deny the allegations contained in Paragraph No. 34, except admit that Defendant Rifkin was Dean of Hofstra's College of Liberal Arts and Sciences between 2017 and 2020 and that Defendant Rifkin is currently a Professor of Russian and Comparative Literature, Languages, and Linguistics at Hofstra University.

35. Defendants admit the allegations contained in Paragraph No. 35.

36. Paragraph No. 36 states a legal conclusion to which no response is required.

37. Defendants deny the allegations contained in Paragraph No. 37.

38. Defendants deny the allegations contained in Paragraph No. 38.

39. Defendants deny the allegations contained in Paragraph No. 39.

40. Defendants deny the allegations contained in Paragraph No. 40.

## V. FACTS COMMON TO ALL CAUSES OF ACTION

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 42.

43. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 43, except aver that Plaintiff was granted tenure at Hofstra University, effective September 1, 2011.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 46.

47. Defendants admit the allegations contained in Paragraph No. 47.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 51.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 52, except admit. that Hofstra University was awarded a $25,000 research grant and aver that the grant was approved on April 19, 2019.

53. Defendants deny the allegations contained in Paragraph No. 53.

54. Defendants deny the allegations contained in Paragraph No. 54.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 55.

56. Defendants admit the allegations contained in Paragraph No. 56.

57. Defendants deny the allegations contained in Paragraph No. 57.

58. Defendants deny the allegations contained in Paragraph No. 58.

59. Defendants deny the allegations contained in Paragraph No. 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 60 except that Defendants admit that a conversation took place on or about July of 2019 between Defendant Rifkin, Terri Shapiro, a faculty union representative, and Plaintiff.

61. The allegations contained in Paragraph No. 61 refer to a document which speaks for itself.

62. Defendants deny the allegations contained in Paragraph No. 62.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 63.

64. Defendants admit that meeting occurred on or about July 23, 2019. Defendants deny the remaining allegations contained in Paragraph No. 64.

65. Defendants deny the allegations contained in Paragraph No. 65.

66. Defendants deny the allegations contained in Paragraph No. 66.

67. Defendants deny the allegations contained in Paragraph No. 67.

68. Defendants deny the allegations contained in Paragraph No. 68.

69. Defendants deny the allegations contained in Paragraph No. 69.

70. Defendants deny the allegations contained in Paragraph No. 70.

71. The allegations contained in Paragraph No. 71 refer to a document which speaks for itself.

72. Defendants deny the allegations contained in Paragraph No. 72.

73. Defendants deny the allegations contained in Paragraph No. 73, except aver that the acting and permanent Chair positions came with stipends.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 74.

75. Defendants admit the allegations contained in Paragraph No. 75.

76. Defendants deny the allegations contained in Paragraph No. 76.

77. The allegations contained in Paragraph No. 77 refer to a document which speaks for itself.

78. The allegations contained in Paragraph No. 78 refer to a document which speaks for itself.

79. The allegations contained in Paragraph No. 79 refer to a document which speaks for itself.

80. Defendants deny the allegations contained in Paragraph No. 80.

81. Defendants deny the allegations contained in Paragraph No. 81.

82. The allegations contained in Paragraph No. 82 refer to a document which speaks for itself.

83. The allegations contained in Paragraph No. 83 refer to a document which speaks for itself.

84. Defendants deny the allegations contained in Paragraph No. 84.

85. Defendants admit the allegations contained in Paragraph No. 85.

86. Defendants deny the allegations contained in Paragraph No. 86.

87. Defendants deny the allegations contained in Paragraph No. 87.

88. The allegations contained in Paragraph No. 88 refer to a document which speaks for itself.

89. Defendants deny the allegations contained in Paragraph No. 89.

90. Defendants deny the allegations contained in Paragraph No. 90.

91. The allegations contained in Paragraph No. 91 refer to a document which speaks for itself.

92. Defendants deny the allegations contained in Paragraph No. 92.

93. Defendants deny the allegations contained in Paragraph No. 93.

94. Defendants deny the allegations contained in Paragraph No. 94.

95. Defendants deny the allegations contained in Paragraph No. 95.

96. Defendants deny the allegations contained in Paragraph No. 96, except admit that Plaintiff notified Hofstra on February 24, 2021 that he wanted to be considered for the Chair of Anthropology position.

97. Defendants deny the allegations contained in Paragraph No. 97.

98. Defendants deny the allegations contained in Paragraph No. 98.

99. Defendants deny the allegations contained in Paragraph No. 99.

100. Defendants deny the allegations contained in Paragraph No. 100.

101. Defendants admit the allegations contained in Paragraph No. 101.

102. Defendants deny the allegations contained in Paragraph No. 102.

103. Defendants deny the allegations contained in Paragraph No. 103.

104. Defendants deny the allegations contained in Paragraph No. 104.

105. Defendants deny the allegations contained in Paragraph No. 105.

106. Defendants deny the allegations contained in Paragraph No. 106.

107. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 107.

108. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 108.

109. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 109.

110. Defendants deny the allegations contained in Paragraph No. 110.

111. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 111.

112. Defendants deny the allegations contained in Paragraph No. 112.

113. Defendants deny the allegations contained in Paragraph No. 113.

114. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 114.

115. Defendants deny the allegations contained in Paragraph No. 115.

116. Defendants deny the allegations contained in Paragraph No. 116.

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 117.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 118.

119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 119.

120. Defendants deny the allegations contained in Paragraph No. 120.

121. Defendants deny the allegations contained in Paragraph No. 121.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 122.

123. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 123.

124. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 124.

125. Defendants deny the allegations contained in Paragraph No. 125.

126. Defendants deny the allegations contained in Paragraph No. 126, except aver that an event on campus took place in October 2020.

127. Defendants deny the allegations contained in Paragraph No. 127.

128. Defendants deny the allegations contained in Paragraph No. 128.

129. Defendants deny the allegations contained in Paragraph No. 129.

130. Defendants deny the allegations contained in Paragraph No. 130.

131. Defendants deny the allegations contained in Paragraph No. 131.

132. Defendants deny the allegations contained in Paragraph No. 132.

133. The allegations contained in Paragraph No. 133 refer to a document which speaks for itself, except Defendants admit that in or around December 2020, the Black Faculty Council held a meeting with Berliner and other administrators.

134. The allegations contained in Paragraph No. 134 refer to a document which speaks for itself.

135. Defendants deny the allegations contained in Paragraph No. 135.

136. Defendants deny the allegations contained in Paragraph No. 136.

137. Defendants deny the allegations contained in Paragraph No. 137.

138. Defendants deny the allegations contained in Paragraph No. 138.

139. Paragraph No. 139 states a legal conclusion to which no response is required.

140. Defendants deny the allegations contained in Paragraph No. 140.

141. Defendants deny the allegations contained in Paragraph No. 141.

### FIRST COUNT AGAINST ALL DEFENDANTS
(Discrimination in Violation of Title VII)

142. Defendants incorporate by reference and re-allege as though fully set forth herein its responses to the allegations set forth in Paragraph Nos. 1 through 141.

143. Defendants deny the allegations contained in Paragraph No. 143.

144. Defendants deny the allegations contained in Paragraph No. 144.

145. Defendants deny the allegations contained in Paragraph No. 145.

146. Defendants deny the allegations contained in Paragraph No. 146.

### SECOND COUNT AGAINST ALL DEFENDANTS
(Retaliation under Title VII)

147. Defendants incorporate by reference and re-allege as though fully set forth herein its responses to the allegations set forth in Paragraph Nos. 1 through 146.

148. Defendants deny the allegations contained in Paragraph No. 148.

149. Defendants deny the allegations contained in Paragraph No. 149.

### THIRD COUNT AGAINST ALL DEFENDANTS
(Race Discrimination under Section 1981)

150. Defendants incorporate by reference and re-allege as though fully set forth herein its responses to the allegations set forth in Paragraph Nos. 1 through 149.

151. Defendants deny the allegations contained in Paragraph No. 151.

152. Defendants deny the allegations contained in Paragraph No. 152.

153. Defendants deny the allegations contained in Paragraph No. 153.

154. Defendants deny the allegations contained in Paragraph No. 154.

155. Defendants deny the allegations contained in Paragraph No. 155.

## FOURTH COUNT AGAINST ALL DEFENDANTS
(Retaliation under Section 1981)

156. Defendants incorporate by reference and re-allege as though fully set forth herein its responses to the allegations set forth in Paragraph Nos. 1 through 155.

157. Defendants deny the allegations contained in Paragraph No. 157.

158. Defendants deny the allegations contained in Paragraph No. 158.

## FIFTH COUNT AGAINST ALL DEFENDANTS
(Race, Color, Sex and Religion Discrimination in Violation of the NYSHRL)

159. Defendants incorporate by reference and re-allege as though fully set forth herein its responses to the allegations set forth in Paragraph Nos. 1 through 158.

160. Paragraph No. 160 states a legal conclusion to which no response is required.

161. Defendants deny the allegations contained in Paragraph No. 161.

162. Defendants deny the allegations contained in Paragraph No. 162.

## SIXTH COUNT AGAINST ALL DEFENDANTS
(Retaliation in violation of NYSHRL)

163. Defendants incorporate by reference and re-allege as though fully set forth herein its responses to the allegations set forth in Paragraph Nos. 1 through 162.

164. Paragraph No. 164 states a legal conclusion to which no response is required.

165. Defendants deny the allegations contained in Paragraph No. 165.

## VICARIOUS LIABILITY

166. Paragraph No. 166 states a legal conclusion to which no response is required.

## PUNITIVE DAMAGES

167. Defendants admit that Plaintiff has brought claims for damages. The remainder of Paragraph No. 167 states a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendants have any burden of proof, Defendants hereby assert the affirmative defenses as set forth below. Defendants reserve the right to amend this Answer, add or supplement with additional or other affirmative defenses, delete or withdraw defenses, and/or add other claims as may become known.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint, in whole or in part, fails to state a claim upon which any relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages were caused by his own conduct and not any wrongful conduct on the part of Defendants.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not suffer any damages legally attributable to any action taken by Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations applicable to his respective claims.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred because Defendants' conduct with respect to Plaintiff was justified, effected in good faith, without malice, spite or conscious, reckless, or negligent disregard of Plaintiff's rights, if any, and without improper purpose or ill-will of any kind.

### SIXTH AFFIRMATIVE DEFENSE

The individually named defendants cannot be held liable for the conduct alleged by

Plaintiff.

## **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to adequately and timely exhaust his administrative remedies.

\* \* \*

Dated: August 10, 2021                               ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Jill Rosenberg*
Jill Rosenberg
Alex Mitchell
51 West 52nd Street
New York, NY 10019-6142
T: 212-506-5000
F: 212-506-5151
jrosenberg@orrick.com
amitchell@orrick.com

*Attorneys for Defendants*
HOFSTRA UNIVERSITY, HERMAN
BERLINER, and BENJAMIN RIFKIN

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2021, copy of the foregoing document was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by regular first-class mail to counsel unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: ___*/s/ Jill Rosenberg*_____