# MADUEGBUNA COOPER LLP
ATTORNEYS AT LAW
30 WALL STREET
8TH FLOOR
NEW YORK, NEW YORK 10005
(212) 232-0155
FAX: (212) 232-0156
www.mcande.com

September 17, 2024

<u>**VIA ECF AND ELECTRONIC MAIL**</u>
Hon. Nusrat J. Choudhury
United States District Court
100 Federal Plaza
Central Islip, NY 11722

      Re: ***Daniels v. Hofstra University, et al.***
         <u>**Docket No.: 21-cv-02920 (HG)(LGD)**</u>

Dear Judge Choudhury:

  We represent Plaintiff Timothy Daniels and write to respectfully seek leave to file a 10-page sur-reply to respond to Defendants' new arguments, new declarations and previously unproduced documents. Overall, Defendants used their 10-page reply brief to redo their motion for summary judgment with new facts and documents. It is therefore only fair that Plaintiff have an opportunity to reply given that "motions for leave to file sur-reply information [] are subject to the sound discretion of the court." *Barbour v. Colvin*, 993 F.Supp.2d 284, 287 (E.D.N.Y. 2014).

  Several reasons justify giving Plaintiff a sur-reply. ***First***, Defendants' reply contains new declarations from Hofstra Provost Charles Riordan and former Acting Dean Daniel Seabold. Dkts. # 98-1 and 98-2. Seabold was deposed and both filed declarations as part of Defendants' motion for summary judgment. Dkts. # 95-69 and 95-71. Riordan's reply declaration concerns the recent appointment of Plaintiff as Chair of the Anthropology Department for the period of September 1, 2024 to January 26, 2025, which did not occur until after Plaintiff served his opposition to summary judgment on August 30. Dkt. # 98-2. The defendants also attach a new exhibit, in the form of an Appointment/Reappointment Form and email confirming the appointment. Dkt. # 98-3. This is brand new information that Defendants are using as proof they did not discriminate or retaliate against Plaintiff. Plaintiff should thus be permitted to respond as to why the university would not give him the normal three-year appointment that all faculty receive as Chair, while discussions were ongoing about the potential merger of the Anthropology Department.

  Seabold also submits a supplemental declaration clarifying his deposition testimony and providing additional information as to his communications with Defendant Herman Berliner in April 2021 concerning discussions as to whether Plaintiff could be named Chair. Dkt. # 98-1. Again, this is new information that Plaintiff should be permitted to submit a counterstatement to.

      Since Defendants seek to demonstrate a lack of material dispute of fact by relying on previously unproduced documents and new sworn "reply" statements from high-ranking individuals, Plaintiff should have the opportunity to respond and show why these materials do not prove a lack of material disputes. *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden.").

      ***Second***, Defendants blatantly misstate the evidence and claim that "The trip was not a leisure vacation—it was an academic research trip where students were doing work and getting credit and therefore, fully within Plaintiff's professional responsibilities." Dkt. # 98 at 6. This is patently false and Plaintiff should be afforded the opportunity to correct the misstatement and clarify the actual benefits the students were to receive, and show that AsiaNetwork did not allow any academic credit and Hofstra did not commit to giving the students any.

      We thank the Court for its consideration of this submission.

                                                           Respectfully submitted,

                                                           Samuel O. Maduegbuna

cc:    All counsel of record (*via* ECF)